UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: ) | |
| GORDON A. LONG and ) | CASE NO. 04-01330-BHL-7A |
| SYLVIA J. LONG, ) | |
|         Debtors. ) | |
| _____ ) | |

**ORDER**

This matter comes before the Court on a **Motion for Turn Over/Objection to Claimed Exemptions/Request for Order Requiring the Production of Documents** filed by the Chapter 7 Trustee, Thomas A. Krudy ["Trustee"], on March 29, 2004. The **Debtors' Response in Opposition to US Trustee's Notice** was filed on April 20, 2004. The Court conducted a hearing on the foregoing motion on June 1, 2004, at which time the Court granted the Trustee an opportunity to file a memorandum in support of his motion. The **Trustee's Brief in Support of Trustee's Motion for Turnover** was subsequently filed on June 29, 2004, followed by the **Debtors' Memorandum in Opposition to US Trustee's Brief** which was filed on July 2, 2004.

      The Court, having considered the pleadings and applicable case law, and being otherwise fully and sufficiently advised, now finds that the severance entitlement from National City Bank, payable to the Debtor, Sylvia Long, is property of the estate and the Debtors' allowed exemption in such asset is limited to $200.00. The Trustee's **Motion for Turn Over** should be, and accordingly is, **GRANTED**. The Debtors are hereby ordered and directed to forthwith account for, and turn over, all sums received pursuant to the Release and Waiver Agreement since

February 2, 2004, less the $200 exemption, to the Chapter 7 Trustee for his liquidation.

**IT IS SO ORDERED** this 29th day of October, 2004, at New Albany, Indiana.

/s/ Basil H. Lorch III
BASIL H. LORCH, III, JUDGE
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA

cc:     Distribution to all counsel.

✓ Peter Warmser
✓ Paul Gresk
✓ US Trustee

✓ 10/29/04 RA

## MEMORANDUM

The Chapter 7 Trustee has moved for turnover of post-petition funds received by the Debtor, Sylvia Long ["Long"], from National City Bank ["NCB"] by virtue of a Waiver and Release Agreement ["Agreement"] dated November 20, 2003. That Agreement entitles Long to continued pay and benefits from December 5, 2003 through December 31, 2004. The Agreement acknowledges December 5, 2003 as Long's last day of active work and includes a non-competition clause. The Debtors contend that any funds received by virtue of the Agreement are in the nature of income and, therefore, not considered property of the estate under 11 U.S.C. § 541(a)(6).

### Discussion

The bankruptcy estate is comprised of all legal or equitable interests of the debtors in property as of the commencement of the case, including *inter alia*, proceeds, product, offspring, rents, or profits of or from property of the estate, *except such as are earnings from services performed by an individual debtor after the commencement of the case* . 11 U.S.C. § 541(a) [*Emphasis added*]. While the Debtors characterize the monies received from National City Bank as "wages", they cite no authority for that position. The Trustee, on the other hand, has cited ample caselaw which distinguishes severance pay from wages.

The Supreme Court clarified the scope of estate property in *Segal v. Rochelle*, 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966) when asked to determine whether loss-carryback tax refunds were properly included in the debtor's estate. It observed that "postponed enjoyment does not disqualify an interest as property" and concluded that the refunds were property of the estate because, though payable post-petition, their origin was "rooted in the pre-bankruptcy past". *Id.*, 382 U.S. at 380, 86 S.Ct. at 515.

Case 04-01330-BHL-7A    Doc 29    Filed 10/29/04    EOD 11/01/04 13:06:02    Pg 4 of 5

Because Long's severance payments are rooted in her pre-petition employment relationship, this Court is bound by foregoing precedent. The payments are not compensation for any postpetition services to be performed by Long. In fact, such payments have none of the characteristics of wages. *See, In re Dennison*, 84 B.R. 846 (Bankr.S.D.Fla. 1988) (citing *In re Harrington*, 70 B.R. 301, 303 (Bankr.S.D.Fla. 1987) (retirement fund not wages); *In re Phillips*, 45 B.R. 529, 532 (Bankr.N.D.Ohio 1984) (periodic severance benefits similar to wages distinguishing lump-sum severance pay); *In re Howe*, 381 F.Supp. 1025, 1026 (N.D.Fla. 1974) (lump-sum readjustment or severance pay not wages and not property of estate under former Act)).

Instead, the Agreement was entered into, and payments were based upon, Long's prepetition employment relationship with the Bank and it was an effort to terminate that relationship amicably and without litigation. *See, In re Laspina*, 304 B.R. 814, 820 (Bankr.S.D.Ohio 2004). As in the cited case, the non-competition clause is an arrangement to protect the interests of the Bank and nothing more. In *In re Andrews*, 80 F.3d 906 (4th Cir.1996), cited by the Trustee, the Court of Appeals, in a thoroughly reasoned opinion, held that postpetition payments pursuant to a prepetition noncompetition agreement were not "earnings from services performed," even if the agreement was characterized as an executory contract. This holding seems to be in accord with virtually all the reported caselaw.[1]

---

[1] *See, e.g., In re Eyke*, 246 B.R. 550, 555 (Bankr.W.D.Mich. 2000) (postpetition payments pursuant to a noncompetition agreement are property of the estate); *In re Johnson*, 176 B.R. 216, 219 (9th Cir. BAP 1995) (noncompetition payments are not for postpetition services but are rooted in pre-bankruptcy past); *In re Jones*, 181 B.R. 538 (D.Kan. 1995) (same); *In re McDaniel*, 141 B.R. 438, 440 (Bankr.N.D.Fla. 1992) (payments to former employee in exchange for noncompetition agreement not for "services performed"); *In re Prince*, 127 B.R. 187, 192 (N.D.Ill 1991) (consideration for covenant not to compete not equivalent to earnings for services performed); *In re Bluman*, 125 B.R. 359, 363 (Bankr.E.D.N.Y. 1991) (same). *But see, In re Hammond*, 35 B.R. 219 (Bankr.W.D.Okla. 1983) (payments pursuant to a noncompetition

For all of the foregoing reasons, the Court finds that the post-petition payments to the Debtor from National City Bank constitute property of the estate. Although the property was not properly scheduled and claimed as exempt, the Court, in its discretion, does allow the Debtors to forthwith amend their Schedule of Exemptions to claim such an entitlement. The Trustee's **Motion for Turn Over** should be, and accordingly is, **GRANTED**. The Debtors are hereby ordered and directed to immediately account for, and turn over, all sums received pursuant to the Release and Waiver Agreement since February 2, 2004, less the $200 exemption, to the Chapter 7 Trustee for his liquidation.

**IT IS SO ORDERED AND ADJUDGED** this 29th day of October, 2004, at New Albany, Indiana.

/s/ Basil H. Lorch, III
BASIL H. LORCH, III, JUDGE
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA

cc:   Distribution to all counsel.
      Peter Wormser ✓
      Paul Gresk ✓
      U.S. Trustee ✓    10/29/04

---

agreement not "property of the estate").

5